UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMIE CHURCH                                                                                          PLAINTIFF

v.                                          No. 2:19-CV-02156

THE CITY OF FORT SMITH,
ARKANSAS                                                                                              DEFENDANT

**OPINION AND ORDER**

Defendant The City of Fort Smith, Arkansas ("the City") filed a motion (Doc. 11) for summary judgment and a brief (Doc. 12) and statement of facts (Doc. 13) in support. Plaintiff Tammie Church filed a response (Doc. 16), statement of facts (Doc. 17), and brief (Doc. 18) in opposition.[1] The City filed a reply (Doc. 19). The motion will be granted.

**I.      Standard of Review**

After viewing the record in the light most favorable to the nonmoving party and granting all reasonable factual inferences in the nonmovant's favor, a motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016). Facts are material when they can "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "While the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon

---

[1] Plaintiff's brief exceeds the page limits on briefing imposed in the scheduling order entered in this case. Because the first 8 pages mostly reiterate Plaintiff's responsive statement of facts, the Court will not require the brief to be refiled. Plaintiff's counsel is reminded when practicing in this Court to pay closer attention to limitations imposed on briefing.

mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Haggenmiller*, 837 F.3d at 884 (quotations omitted). Summary judgment is not a disfavored procedural vehicle for resolution of cases, and there is no discrimination exception to the standard that applies. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (rejecting prior panel decisions that described motions for summary judgment as disfavored in discrimination cases).

## II.     Background

Church is an African American woman employed by the City in its utility department. She was hired as a water meter reader in 2012. Within six months, Church moved to sewer line maintenance, a position which had a job grade of grade 3 at the time.[2] In 2017, sewer system manager Brandon Haynes (Church's supervisor's supervisor) called Church "fella'," which Church found offensive. Church made a complaint about Haynes to the City's human resources department, and the City's director of human resources subsequently met with Church and Haynes to discuss the complaint.

In early 2019, Church learned that one of the backup locators in the utility department, Jim Smelley, was transferring to dispatch on a "temporary basis,"[3] and that there was likely to be an open position for a backup locator as a result. In the utility department, a locator is responsible for locating buried water lines for construction contractors or homeowners. The utility department also had a job position designated "barricade," in which employees go to water line construction sites and place barricades to protect the sites. The barricade position is commonly known by the utility department employees as the "backup locator" position. The backup locator fills in for a

---

[2] Between Church's hire and the date of this lawsuit, the City's job-grade numbering system and the classification of positions within the utility department were revised.
[3] It appears the temporary transfer quickly became permanent.

locator whenever a locator is unavailable. Backup locators had a job grade of grade 6.

Church told her supervisor and Haynes that she was interested in the backup locator position being opened by Smelley's transfer to dispatch.[4] Haynes asked Kris Bolin, a construction supervisor in the utility department, to find someone for the position. Bolin asked Terry Thacker, a long-time locator, who he would suggest, and Thacker recommended Church. Despite this recommendation, Haynes ultimately selected B. J. Poindexter for the position. Poindexter was employed in a leadperson position, and at the time had a job grade of grade 6. After training for approximately a week in the position, Poindexter decided he preferred being a leadperson to being a backup locator, and Devin Croft was selected for the backup locator position. At the time of his selection, Croft had a job grade of grade 5 and a commercial driver's license (CDL). Croft stayed in the position for a number of months, and ultimately was removed as a backup locator due to poor performance. Croft left the City's employment on January 3, 2020, and Zack Comstock—an employee then at the same job grade as Church, and who had a CDL but had less experience in the utility department than Church—was selected for the position.

In April 2020, the sewer line maintenance position was reclassified as equipment operator. At that time, Haynes began requiring all employees in Church's department to have a CDL, or to obtain one within a certain deadline after hiring, so that any employee could operate equipment as needed. In December of 2020, Comstock took a job in a different department. At that time, Kris Bolin, seeking to "right some wrongs," asked Church if she was still interested in the position. Church was selected to be backup locator on December 14, 2020.

---

[4] At the summary judgment stage, the Court grants all reasonable inferences in Church's favor and so infers that she made sufficiently reasonable attempts to convey her interest in the backup locator position to the City. *Cf. EEOC v. Audrain Health Care, Inc.*, 756 F.3d 1083, 1087–88 (8th Cir. 2014).

3

In this action, Church claims the City, through Haynes, engaged in employment discrimination against her on the basis of race and sex and retaliated against her for reporting Haynes to human resources. Church brings equal protection discrimination and retaliation claims pursuant to the 14th Amendment through 42 U.S.C. § 1983, and separate contract and equal employment discrimination and retaliation claims through 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.

### III.   Law and Analysis

Church presents no direct evidence of race or sex discrimination or retaliation, so her race and sex discrimination and retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework whether those claims are raised under § 1981, § 1983, or Title VII.  *See Richmond v. Bd. of Regents of the Univ. of Minn.*, 957 F.2d 595, 598 (8th Cir. 1992) (applying *McDonnell Douglas* burden-shifting framework to § 1981, § 1983, and Title VII discrimination claims); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1059–60 (8th Cir. 1997) (applying *McDonnell Douglas* burden-shifting framework to § 1981 and Title VII retaliation claims); *but see Burton v. Ark. Sec'y of State*, 737 F.3d 1219, 1236 (8th Cir. 2013) (noting it is not clear that § 1983 allows plaintiffs to pursue equal protection retaliation claims). To prove unlawful discrimination, Church must make a prima facie demonstration of discrimination. If the City articulates a legitimate nondiscriminatory basis for its allegedly discriminatory action, Church must then show that the City's proffered reason is pretext for unlawful discrimination. *Richmond*, 957 F.2d at 598. To prove unlawful retaliation, Church must make a prima facie demonstration of retaliation, and if the City articulates a legitimate nondiscriminatory basis for its allegedly retaliatory action, Church must show that the City's proffered reason is pretext for unlawful discrimination. *EEOC v. Kohler Co.*, 335 F.3d 766, 772–73 (8th Cir. 2003).

In light of the minimal burden a plaintiff must meet when making a prima facie case, the Court assumes for the sake of argument that Church can establish her prima facie case of discrimination or retaliation. Despite this, summary judgment for the City is appropriate because the City has articulated a legitimate nondiscriminatory basis for its allegedly discriminatory or retaliatory adverse employment actions against Church, and Church cannot cite to evidence in the record that would allow reasonable jurors to find that the City's proffered reasons are pretext, whether for unlawful discrimination or otherwise.

The discriminatory or retaliatory adverse employment actions Church identifies are the City's decisions (made by Brandon Haynes) to select several other employees for an open position as a backup locator in the utility department before finally offering the position to Church. The City has articulated a legitimate nondiscriminatory basis for its decisions to offer the backup locator position to each employee who was selected before Church. According to the City, Poindexter was placed into the position because he and Smelley were at the same job grade (grade 6) in 2019 and had the same pay rate, whereas Church was at a lower job grade (grade 3), so the lateral move for Poindexter had a neutral effect on the payroll compared to promoting Church. Croft was not at the same job grade, but was at the level below (grade 5), and so his pay increase would have less of an impact on the payroll than elevating a grade 3 employee. Croft also had a CDL at the time of his selection, and Church did not. Although Comstock and Church were at the same job grade and Church had more experience in the utility department, Comstock already had a CDL when he was selected.

While the burden Church must carry to establish a prima facie case is minimal, more substantial evidence is required to demonstrate pretext because that analysis occurs "in light of the employer's justification." *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1111

(8th Cir. 2001). As an initial matter, Church argues that the City's changing rationale for its decision and its departure from the past practice of relying on supervisor recommendations are evidence of pretext. Church cites cases that explain when an employer's rationale for its adverse employment decision changes during litigation, this is an indication that the articulated reason is pretext. In this case, the changing rationale Church identifies is Haynes's initial statement to Church at the time he selected Poindexter that Haynes didn't realize Church wanted to be a backup locator, followed by his explanation after Church reminded Haynes she had previously spoken to him about the position that selecting Poindexter was a lateral move. This is not the sort of mid-litigation change in explanation that supports a finding of pretext. Church also cites cases that explain that deviation from policy can be evidence of pretext, but cites no City policy of relying solely on supervisor recommendations when filling open positions. Church argues the City has a historical practice of relying on supervisor recommendations, but in the same brief argues that the City has a historical practice of discrimination on the basis of race and/or sex. Under these circumstances, the City's deviation from historical practice is not sufficient to show pretext for discrimination.

Turning to the substance of the City's justifications for its decisions to select other candidates than Church for the backup locator position, where an employer claims to have selected another candidate than the plaintiff for a position on the basis of the other candidate's qualifications, the plaintiff can show the proffered reason is pretext for an unlawful motive by demonstrating the other candidate was less qualified than the plaintiff. *Kincaid v. City of Omaha*, 378 F.3d 799, 805 (8th Cir. 2004). A federal court conducting a pretext analysis should "refuse to sit as a super-personnel department" second-guessing business decisions. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 810 (8th Cir. 2003). For the issue of pretext to be triable, not only must the

chosen candidate be less qualified than the plaintiff, but he or she must be clearly less qualified. *Torgerson*, 643 F.3d at 1049 ("As clear from the cases, 'relatively similar qualifications' do not create a material issue of fact as to pretext."). Extending this reasoning to an employer's claim that another candidate than a plaintiff was selected on the basis that hiring the other candidate was less expensive for the employer, the plaintiff can show the proffered reason is pretext for unlawful motive by demonstrating the other candidate is more costly than the plaintiff.

Church's cited evidence cannot demonstrate to reasonable jurors that any of the candidates the City selected before her on the basis of their qualifications were clearly less qualified than Church, or that any of the candidates the City selected before her on the basis of expense to the utility department were clearly more expensive than Church. Poindexter and Croft were already paid at equal to or nearer to the payrate for the backup locator position when they were selected, and Croft already had his CDL—a job qualification Church lacked.[5]  Church has not shown that moving either Poindexter or Croft into the backup locator position would cost the City more money than moving Church into the position (a showing that might be made if, for example, Church had evidence that the City would have to replace Poindexter or Cross in either's old position at greater expense to the City than the expense of simply moving Church into the backup locator position). Comstock was at the same job grade and pay rate as Church when he was selected, and while Church's experience appears to have exceeded Comstock's, Comstock appears to have had his CDL. Church identifies no evidence that would allow a reasonable juror to find that her experience objectively far outweighed Comstock's existing credentials, and has shown only that she and Comstock had qualifications that were "at most, comparable." *Kincaid*, 378 F.3d at 806.

---

[5] Church's argument that the City allowed a grace period for employees to obtain a CDL does not show that the City's claim that a CDL was a job qualification is pretextual.

Because Church cannot show a genuine dispute exists over whether the City's articulated reasons for selecting other candidates to be backup locator instead of Church were false, the Court need not address whether the statistical data or other circumstances Church identifies are sufficient to create a triable question on whether any false reasons were pretext for discriminatory or retaliatory motive. The City has shown that it is entitled to summary judgment on Church's claims of discrimination and retaliation.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that the City's motion for summary judgment (Doc. 11) is GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 3rd day of June, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE